Case 1:23-cv-00069   Document 12   Filed on 07/03/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIDA GARZA & SANTOS GARZA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-69 |
| | § | |
| ELEAZAR BANDA MATA & | § | |
| SERVICIOS ESPECIALIZADOS | § | |
| ALANIS SA DE CV, LLC, | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION ON MOTION TO REMAND

On May 2, 2023, Defendant Eleazar Banda Mata removed this case from the 404th Judicial District Court in Cameron County, Texas. Dkt. No. 1. Mata asserted that diversity jurisdiction was present in this case because his co-defendant Servicios Especializados Alanis SA de CV, LLC, was improperly joined. *Id*.

On June 1, 2023, Plaintiffs Elida Garza and Santos Garza filed a motion to remand, asserting that diversity jurisdiction is not present. Dkt. No. 8. Mata timely filed a response. Dkt. No. 10. The Plaintiffs timely filed a reply brief. Dkt. No. 11.

After reviewing the record and the relevant case law, the Court concludes that diversity jurisdiction is present in this case. Defendant Servicios Especializados Alanis SA de CV, LLC, was improperly joined. The amount in controversy exceeds $75,000, and all of the remaining parties are diverse. Accordingly, the motion for remand should be denied.

### I. Background

**A. Factual Background**

On December 7, 2022[1], the Plaintiffs and Mata were involved in a motor vehicle accident on Calle Anacua in Brownsville, Texas. Dkt. No. 8-1. Mata was driving a tractor-trailer. *Id*. The police accident report noted that Mata's tractor trailer was owned by Servicios Especializados Alanis SA de CV. *Id*.

---
[1] The complaint alleges that the accident occurred on January 16, 2019. Dkt. No. 1-1, p. 16. This appears to be a scrivener's error.

1

There are two different companies named Servicios Especializados Alanis SA de CV. The first is a Mexican trucking company, which is based out of Nuevo Leon ("Mexican company"). Dkt. No. 10-3. Mata's employment contract is with the Mexican company. Dkt. No. 10-5. At the time of the accident, Mata was hauling a load from Brownsville to Nuevo Leon on behalf of the Mexican company. Dkt. No. 10-9.

The second company is an American corporation, Servicios Especializados Alanis SA de CV, LLC, which is based out of Mission, Texas ("American company"). Dkt. No. 10-11. Julian Salazar, who serves as the financial director for the Mexican company, stated in a sworn affidavit, that the American company has no employees, does not operate any tractor trailers, and was formed for the purpose of selling property within the United States. *Id*.

**B. Procedural History**

On January 23, 2023, the Plaintiffs filed suit against Mata and the American company in the 404th Judicial District Court in Cameron County, Texas. Dkt. No. 1-1, p. 14. The Plaintiffs asserted that Mata drove the tractor-trailer negligently and that the American company negligently entrusted Mata with the vehicle and that the American company was responsible for Mata's actions under a theory of *respondeat superior*. *Id*. The Plaintiffs pled that they sought damages in excess of $250,000. *Id*., p. 15.

On May 2, 2023, Mata timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. Mata asserts that the amount in controversy exceeds $75,000. He further asserts that the parties are diverse because the Plaintiffs are citizens of Texas, and he is a citizen of Mexico, and the American company has been improperly joined as a defendant. *Id*.

On June 1, 2023, the Plaintiffs timely filed a motion to remand. Dkt. No. 8. The Plaintiffs argue that they have stated a claim upon which relief can be granted against the American company. *Id*.

On June 21, 2023, Mata timely filed a response, noting the differences between the Mexican company and the American company, re-iterating his argument that the Plaintiffs

have not stated a claim upon which relief can be granted against the American company. Dkt. No. 10.

On June 28, 2023, the Plaintiffs timely filed a reply brief, arguing that Mata had not met the high burden required to show improper joinder. Dkt. No. 11.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The record is clear that the Plaintiffs seek damages in excess of $250,000. Dkt. No. 1-1. It is uncontested that the Plaintiffs and Mata are citizens of different states, and that the Plaintiffs and the American company are not diverse from each other. The dispute centers upon whether the American company was improperly joined; if the American company was improperly joined, then diversity jurisdiction is present.

### B. Removal

As noted, the Court has "original jurisdiction" in cases premised upon diversity jurisdiction. § 1332(a)(1). Furthermore, where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

### C. Improper Joinder

Under the improper joinder doctrine, a party may not defeat federal jurisdiction with the presence of an improperly joined non-diverse defendant. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional

3

facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)). No fraud in pleading the facts has been alleged in this case, and none is otherwise evident. The first test is inapplicable in this case.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The Court can either conduct an analysis under Federal Rule of Civil Procedure 12(b)(6) or it may pierce the pleading and conduct a summary inquiry. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (holding that "a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both) (emphasis original).

"[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." *Gray ex rel. Rudd v. Beverly Enterprises–Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). The summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d. at 573–74. "[I]t is the removing party's burden to establish improper joinder." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). "[T]he burden of demonstrating improper joinder is a heavy one." *Cuevas*, 648 F.3d at 249.

### III. Analysis

As previously noted, the Court can either use a Rule 12(b)(6) analysis or can pierce the pleadings to determine if the Plaintiffs can recover against the American company. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 207. The Court finds that it is more appropriate to pierce the pleadings in this case because a Rule 12(b)(6) analysis would not be helpful. The Plaintiffs have stated a claim upon which relief can be granted as to *respondeat*

4

*superior* against Mata's employer and for negligent entrustment against the owner of the tractor-trailer. *Williams v. U.S.*, 71 F.3d 502, 506 (5th Cir. 1995) (noting that under Texas law, employers can be held vicariously liable for actions taken by their employees within the course and scope of their employment); *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987) (the owner of a vehicle can be held liable for negligently permitting an incompetent or reckless driver to operate it).

However, a *respondeat superior* claim requires that the tortfeasor (Mata) actually be an agent or employee of the American company. *Knight v. City Streets, L.L.C.*, 167 S.W.3d 580, 582–83 (Tex. App. 2005). Similarly, negligent entrustment requires that the defendant own or control the vehicle in question. *Redmond v. Clasen*, 2021 WL 5182879, at *3 (Tex. App. Nov. 9, 2021) ("negligent entrustment requires either ownership or control of the car").

The dispositive question before the Court is whether the Plaintiffs have actually sued Mata's employer and/or the owner of the tractor-trailer, which is the type of question that Courts can pierce the pleadings to determine. *Smallwood*, 385 F.3d at 574 n 12 (holding that it would be appropriate for the Court to pierce the pleadings to determine if an "in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true.").

In this case, the concrete and undisputed facts show that Mata was employed by the Mexican company. Dkt. No. 10-5. The bill of lading for the shipping that Mata was hauling when the accident occurred was done on behalf of the Mexican company. Dkt. No. 10-9. The Plaintiffs have put forward evidence that the relationship between the Mexican company and the American company may be more tangled than Mata portrays it, but they have not put forward evidence showing an employee or agent relationship between Mata and the American company. Additionally, the evidence shows that the tractor-trailer is owned by the Mexican company, which negates any claim for negligent entrustment against the American company. Dkt. No. 10-11.

The record establishes that there is no reasonable possibility that the Plaintiffs could recover from the American company under a theory of *respondeat superior* or negligent entrustment. The American company has met its heavy burden of improper joinder.

The American company – Servicios Especializados Alanis SA de CV, LLC – was improperly joined as a defendant. As such, it should be dismissed from the case and the Court should exercise its jurisdiction over the remaining defendant, Mata. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) ("if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.").[2]

## IV. Recommendation

It is recommended that the motion to remand filed by Plaintiffs Elida Garza and Santos Garza be denied. Dkt. No. 8. It is further recommended that Defendant Servicios Especializados Alanis SA de CV, LLC – the American company – be dismissed with prejudice as improperly joined.

### A. Notice to Parties

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings

---

[2] The Court notes that if the Plaintiffs were to amend their complaint to substitute the Mexican company as the proper defendant, jurisdiction would still be present because all of the defendants – Mata and the Mexican company – would be diverse from the Plaintiffs.

6

on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 3, 2023.

_____
Karen Betancourt
United States Magistrate Judge